Alfred Schermerhorn and Edwin Delano vs. Loren Jones.
Joel N. Hayes and John S. Heyer vs. Same.

Where the defendant bought goods of plaintiffs on credit, and soon after the credit expired, defendant requested a compromise with the plaintiffs and other creditors, and the plaintiffs sued the defendant in trover, and held him to bail, on the ground that defendant obtained possession of plaintiffs property by fraud and without right, these facts sufficiently appearing. On a motion by defendant to be discharged on common bail, on the ground that the cause of action was contract, it was held that the fraud destroyed the contract, and bail was ordered.

*Motion by defendant to vacate the orders of John W. Edmonds, Esq., circuit judge of the first circuit, granted in the above entitled causes severally, on the 26th February,* 1845; *one of which was, to discharge the order requiring plaintiffs to show cause of action, and the other, to mitigate defendant's bail, and requiring him to give bail in the sum of* $1400.—These suits were commenced by capias, in trover, and an order endorsed, requiring defendant to be held to bail in each cause in the sum of $1600. On the 24th February, Edmonds, circuit judge of first circuit, granted an order in each cause, requiring plaintiffs to show cause why defendant should not be discharged on common bail, and if cause of action shown, then why the amount of bail should not be mitigated. Cause of action having been shown in pursuance of said orders, said circuit judge, on the 26th February, granted an order vacating and discharging the orders made on the 24th February, and granted another order, mitigating and reducing the amount of defendant's bail to $1400. Said Edmonds, circuit judge, upon granting the last mentioned orders, gave the following opinion in writing:

(*Titles of the causes.*) " In September last, the defendant, who resided at Buffalo, purchased of the plaintiffs in this city, (New York) sundry bills of goods on time, upon representations that he was solvent. When the bills became due, it was found that he was utterly bankrupt, and it is alleged that his purchases were a fraud upon the plaintiffs, and that fact is, by the affidavits and admissions of the defendant, clearly made out. Under these circumstances, the plaintiffs disaffirmed the contract of sale, and brought suits against him in trover, held him to bail and he was arrested by the sheriff of New York, from whose custody he now seeks to be discharged. The circuit judge rules that the fraud vitiates the contract of sale entirely, and that the defendant having obtained possession of the property of the plaintiffs without right, and having refused to return it, or to make compensation for it, he was guilty of a wrong for which he might be held to bail. That the claim of the plaintiffs is in no respect founded upon the contract, but upon the fraud by means of which he obtained the plaintiffs goods, and in that respect is materially different from the case of *Brown vs. Treat & Carter, in* 1 *Hill.* In that case the form of the count only was changed, the nature of the contract remaining the same; but in this case the whole matter is changed from a contract to a fraud, not in form only, but in fact. The order to show cause of action, is therefore discharged."

N. B. BLUNT, *Defts Counsel.*       A. L. BROWN, *Defts Atty.*

   *Plffs Counsel.*       M. G. HARRINGTON, *Plffs Atty.*

BRONSON, Chief Justice.—Held that the fraud destroyed the contract, and being a proper case for bail, denied the motion with costs.

Rule accordingly.